CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

2012 JUL 17   PM 2: 05

DEPUTY CLERK_____ _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. 2:12-CR-30 |
| TEAM INDUSTRIAL SERVICES, INC. (1) | § § | |

**PLEA AGREEMENT**

TEAM INDUSTRIAL SERVICES, INC. (TEAM), defendant, Richard B. Roper, the

defendant's attorney, and the United States of America (the government), agree as follows:

1.     **Rights of the defendant:** The defendant understands that it has the right

    a.     to be represented by an attorney;

    b.     to be charged by indictment:

    c.     to plead not guilty;

    d.     to have a trial by jury;

    e.     to have it's guilt proven beyond a reasonable doubt;

    f.     to confront and cross-examine witnesses and to call witnesses in its defense; and

    g.     against compelled self-incrimination.

2.     **Waiver of rights and plea of guilty:** The defendant waives these rights and

pleads guilty to the offense alleged in the Information, charging a violation of 42 U.S.C. §

7413(c)(4), that is, Negligent Release of Hazardous Air Pollutants. The defendant understands

the nature and elements of the crime to which it is pleading guilty, and agrees that the factual

resume it has signed is true and will be submitted as evidence.

3.     **Sentence:** The maximum penalties the Court can impose include:

    a.     a period of probation not to exceed five (5) years;

    b.     a fine not to exceed $200,000.00, or twice the gross gain or loss resulting from the offense; and

    c.     a mandatory special assessment of $ 125.00 per count of conviction;

4.   **Plea Agreement to be executed by authorized representative:** The defendant agrees that this agreement will be executed by an authorized representative. The defendant further agrees that a Resolution duly adopted by the Board of Directors of TEAM, in the form attached to this Agreement as Exhibit 1, or in substantially similar form, authorizes the signature on this agreement by TEAM's representative.

5.   **Court's sentencing discretion and role of the Guidelines:** The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with its attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw its plea if its sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6.   **Mandatory special assessment:** Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $125, in satisfaction of the mandatory special assessment in this case.

7.   **Defendant's agreement:** The defendant shall give complete and truthful information and/or testimony concerning its participation in the offense of conviction. Upon demand, the defendant shall submit a financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding its capacity to satisfy any fines or restitution.

Defendant further agrees that it will cooperate with the Government during the ongoing investigation and potential prosecution of individuals. The Defendant's cooperation will include, but is not limited to, production of non-privileged documents requested by the Government, providing a custodian of records if requested by the Government to authenticate documents at any appropriate legal proceeding, and providing a corporate representative if requested by the Government to describe corporate policies and use of produced documents.

The defendant agrees to develop and implement an Environmental Compliance Plan

(ECP), within 75 days after the first day of the probationary period to which it is sentenced, that specifically addresses the defendant's leak detection and repair (LDAR) activities and to achieve appropriate compliance with the Clean Air Act LDAR regulations.  Such plan will include a program to replace or upgrade its existing equipment currently used to conduct its LDAR activities with new equipment that has the capability to utilize GPS tracking, and other equipment, software and/or processes  designed with safeguards to improve the accurate collection and input of data  and to provide greater protection against data manipulation that the system currently utilized by the defendant.  The ECP will apply to Team's LDAR personnel and client locations where Team owns and controls the date collection systems, software and processes.  Client LDAR programs where Team's client declines to use Team's data collection systems, software, and/or process are not subject to the ECP.  A copy of the completed ECP will be sent to the U.S. Probation Office, 205 SE 5th Ave. #140, Amarillo, TX 79101, United States Environmental Protection Agency, Criminal Investigation Division, Dallas Area Office attn: Special Agent Tim Townsend, 1445 Ross Ave. (6-CID), Dallas, TX 75202, within 75 days after the first day of the probationary period.  The ECP will include initial and annual training for all personnel, including all supervisors and managers, with direct responsibility for LDAR within the defendant's corporate structure.  The  training will be documented in a Quarterly Training Report (QTR) to include the names of the personnel who attended the training that quarter, the specific subject matter of the training, the location of the training, and the identity of the trainer(s).  Each QTR will be submitted to the U.S. Probation Office in Amarillo, TX and the United States Environmental Protection Agency, Criminal Investigation Division, Special Agent Townsend, under signature of a corporate manager designated by the defendant within the ECP with the responsibility to oversee the ECP development and implementation.  The QTR will be due within 30 days of the completion of each training session. QTRs will be submitted during the entire period of probation with the first report due to Probation no later than 5 months after the first day of the probationary period.

8.      **Clean Air Act mandatory listing:** The defendant is aware of the mandatory listing requirements of the Clean Air Act, Section 302(e), 42 U.S.C. § 7606(a), and 2 C.F.R.

**Plea Agreement – Page 3**
5516856 000003 DALLAS 2882774.1

Parts 180 and 1532. The defendant understands that if this Plea Agreement is accepted by the Court, the defendant's facility located at 810 N. Florida Street, Borger, TX 79007, will be placed on the United States Environmental Protection Agency's List of Violating Facilities ("the List") and will, therefore, be ineligible for any federally funded contracts, grants or loans, effective immediately upon entry of the Judgment of Conviction and lasting until the United States Environmental Protection Agency removes that facility from the List.

9.      **Government's agreement:** The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty, including any and all LDAR activities conducted out of defendant's Borger and Midland, Texas offices between June 2007 and June 2012. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges, if any, in the pending indictment or information. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

10.     **Violation of agreement:** The defendant understands that if it violates any provision of this agreement, or if its guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against it of any information or :statements it has provided to the government, and any resulting leads.

11.     **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12.     **Representation of counsel:** The defendant has thoroughly reviewed all legal and factual aspects of this case with its lawyer and is fully satisfied with that lawyer's legal representation.  The defendant has received from its lawyer explanations satisfactory to it concerning each paragraph of this plea agreement, each of its rights affected by this agreement, and the alternatives available to it other than entering into this agreement.  Because it concedes that it is guilty, and after conferring with its lawyer, the defendant has concluded that it is in its best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13.     **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this ___17___ day of July, 2012.


SARAH R. SALDAÑA                          DENISE WILLIAMS
UNITED STATES ATTORNEY                    DEPUTY CRIMINAL CHIEF


_____          _____
TEAM INDUSTRIAL SERVICES, INC.            CHRISTY L. DRAKE
By: ANDRÉ C. BOUCHARD                      Assistant United States Attorney
Defendant                                 Texas State Bar No. 06104500
                                          500 S. Taylor, Suite 300, LB 238
                                          Amarillo, Texas 79101
_____          Telephone:    806.324.2356
RICHARD B. ROPER                          Facsimile:    806.324.2399
Attorney for Defendant                    E-Mail:       christy.drake@usdoj.gov

**EXHIBIT ONE**

**CERTIFICATE OF SECRETARY**
**TEAM INDUSTRIAL SERVICES, INC.**

I, **ANDRÉ C. BOUCHARD**, certify that I am the Secretary of TEAM INDUSTRIAL SERVICES, INC., a Texas Corporation (the "Company"), and that I am authorized to give this Certificate on behalf of the Company.

I further certify that the resolutions set forth below were adopted by the Board of Directors of the Company in a written consent on July 3, 2012, and that such resolutions remain in full force and effect as the date of this certificate.

**WHEREAS**, Team Industrial Services, Inc. (the "Company") finds that it is in the best interests of the Company to enter into a proposed settlement regarding certain of its past business activities occurring in the State of Texas:

(a) By entering into a written plea agreement with the United States Attorney's Office for the Northern District of Texas, in substantially the same form as presented in Attachment "One" to this Consent, initialed by the secretary, and ordered filed with the records of the meeting as Attachment "One," and

(b) By pleading guilty under this plea agreement to the one-count misdemeanor information, as set forth in the Information in substantially the same form as presented in Attachment "Two," initialed by the secretary, and ordered filed with the records of the meeting as Attachment "Two," to be filed in the United States District Court for the Northern District of Texas charging a violation of 42 U.S.C. § 7413(c)(4)-Negligent Endangerment by Release of Hazardous Air Pollutants.

**RESOLVED**, that the Company, having been counseled on the Company's legal rights and the factual basis for the plea of guilty as set forth in Federal Rule of Criminal Procedure 11(b), does hereby authorize to cause its General Counsel, MR. ANDRÉ C. BOUCHARD, or such of its outside counsel or corporate representatives as MR. BOUCHARD shall designate, to enter into and execute a plea agreement in substantially the same form as Attachment "One," to sign the accompanying Factual Resume, in substantially the same form as Attachment "Three," and to make any further appearance in Court as necessary on behalf of the Company and to enter a guilty plea on behalf of the Company to the Information in substantially the same form as Attachment "Two."

**RESOLVED, FURTHER**, That the plea agreement executed on behalf of the Company as contemplated above, and all further actions necessary to complete and effectuate this transaction, including the personal appearance in court on behalf of the Company to enter a plea of guilty and to appear for further proceedings, by an employee of the Company or outside counsel, as designated by MR. BOUCHARD, are hereby ratified and approved.

**RESOLVED, FURTHER,** that all corporate formalities required to effectuate such action and authorization for such action and appearance in court have been observed.

This certificate is executed on July 3rd, 2012.

ANDRÉ C. BOUCHARD
CORPORATE SECRETARY

UNITED STATES OF AMERICA

STATE OF TEXAS                )
                              )
COUNTY OF BRAZORIA            )

BEFORE me, a Notary Public for Brazoria County, State of Texas, personally appeared Mr. André C. Bouchard and acknowledged the execution of the foregoing instrument on this the 3rd day of July, 2012.

LEYNA S. TERRANOVA
MY COMMISSION EXPIRES
August 1, 2013

NOTARY PUBLIC
My Commission Expires
Resident of Brazoria County, Texas

516856 000003 DALLAS 2878481.3                2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA  §
                          §
v.                        §   Criminal No. 2:12-CR- ʒ̶0
                          §
TEAM INDUSTRIAL SERVICES, INC. (1)  §

## PLEA AGREEMENT

TEAM INDUSTRIAL SERVICES, INC. (TEAM), defendant, Richard B. Roper, the

defendant's attorney, and the United States of America (the government), agree as follows:

1.  **Rights of the defendant:** The defendant understands that it has the right

    a.    to be represented by an attorney;

    b.    to be charged by indictment:

    c.    to plead not guilty;

    d.    to have a trial by jury;

    e.    to have it's guilt proven beyond a reasonable doubt;

    f.    to confront and cross-examine witnesses and to call witnesses in its defense; and

    g.    against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty:** The defendant waives these rights and

pleads guilty to the offense alleged in the Information, charging a violation of 42 U.S.C. §

7413(c)(4), that is, Negligent Release of Hazardous Air Pollutants. The defendant understands

the nature and elements of the crime to which it is pleading guilty, and agrees that the factual

resume it has signed is true and will be submitted as evidence.

3.  **Sentence:** The maximum penalties the Court can impose include:

    a.    a period of probation not to exceed five (5) years;

    b.    a fine not to exceed $200,000.00, or twice the gross gain or loss resulting from the offense; and

Attachment One

     c.     a mandatory special assessment of $ 125.00 per count of conviction;

4.     **Plea Agreement to be executed by authorized representative:** The defendant agrees that this agreement will be executed by an authorized representative. The defendant further agrees that a Resolution duly adopted by the Board of Directors of TEAM, in the form attached to this Agreement as Exhibit 1, or in substantially similar form, authorizes the signature on this agreement by TEAM's representative.

5.     **Court's sentencing discretion and role of the Guidelines:** The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with its attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw its plea if its sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6.     **Mandatory special assessment:** Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $125, in satisfaction of the mandatory special assessment in this case.

7.     **Defendant's agreement:** The defendant shall give complete and truthful information and/or testimony concerning its participation in the offense of conviction. Upon demand, the defendant shall submit a financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding its capacity to satisfy any fines or restitution.

Defendant further agrees that it will cooperate with the Government during the ongoing investigation and potential prosecution of individuals. The Defendant's cooperation will include, but is not limited to, production of non-privileged documents requested by the Government, providing a custodian of records if requested by the Government to authenticate documents at

Plea Agreement – Page 2
5516856 000003 DALLAS 2882774.1

any appropriate legal proceeding, and providing a corporate representative if requested by the Government to describe corporate policies and use of produced documents.

The defendant agrees to develop and implement an Environmental Compliance Plan (ECP), within 75 days after the first day of the probationary period to which it is sentenced, that specifically addresses the defendant's leak detection and repair (LDAR) activities and to achieve appropriate compliance with the Clean Air Act LDAR regulations.  Such plan will include a program to replace or upgrade its existing equipment currently used to conduct its LDAR activities with new equipment that has the capability to utilize GPS tracking, and other equipment, software and/or processes  designed with safeguards to improve the accurate collection and input of data  and to provide greater protection against data manipulation that the system currently utilized by the defendant.  The ECP will apply to Team's LDAR personnel and client locations where Team owns and controls the date collection systems, software and processes.   Client LDAR programs where Team's client declines to use Team's data collection systems, software, and/or process are not subject to the ECP.  A copy of the completed ECP will be sent to the U.S. Probation Office, 205 SE 5th Ave. #140, Amarillo, TX 79101, United States Environmental Protection Agency, Criminal Investigation Division, Dallas Area Office attn: Special Agent Tim Townsend, 1445 Ross Ave. (6-CID), Dallas, TX 75202, within 75 days after the first day of the probationary period.  The ECP will include initial and annual training for all personnel, including all supervisors and managers, with direct responsibility for LDAR within the defendant's corporate structure.  The  training will be documented in a Quarterly Training Report (QTR) to include the names of the personnel who attended the training that quarter, the specific subject matter of the training, the location of the training, and the identity of the trainer(s).  Each QTR will be submitted to the U.S. Probation Office in Amarillo, TX and the United States Environmental Protection Agency, Criminal Investigation Division, Special Agent Townsend, under signature of a corporate manager designated by the defendant within the ECP with the responsibility to oversee the ECP development and implementation.  The QTR will be

**Plea Agreement – Page 3**
5516856 000003 DALLAS 2882774.1

due within 30 days of the completion of each training session. QTRs will be submitted during the entire period of probation with the first report due to Probation no later than 5 months after the first day of the probationary period.

8. **Clean Air Act mandatory listing:** The defendant is aware of the mandatory listing requirements of the Clean Air Act, Section 302(e), 42 U.S.C. § 7606(a), and 2 C.F.R. Parts 180 and 1532. The defendant understands that if this Plea Agreement is accepted by the Court, the defendant's facility located at 810 N. Florida Street, Borger, TX 79007, will be placed on the United States Environmental Protection Agency's List of Violating Facilities ("the List") and will, therefore, be ineligible for any federally funded contracts, grants or loans, effective immediately upon entry of the Judgment of Conviction and lasting until the United States Environmental Protection Agency removes that facility from the List.

9. **Government's agreement:** The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty, including any and all LDAR activities conducted out of defendant's Borger and Midland, Texas offices between June 2007 and June 2012. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges, if any, in the pending indictment or information. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

10. **Violation of agreement:** The defendant understands that if it violates any provision of this agreement, or if its guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was

**Plea Agreement – Page 4**
5516856 000003 DALLAS 2882774.1

involuntary, the defendant also waives objection to the use against it of any information or :statements it has provided to the government, and any resulting leads.

11.     **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12.     **Representation of counsel:** The defendant has thoroughly reviewed all legal and factual aspects of this case with its lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from its lawyer explanations satisfactory to it concerning each paragraph of this plea agreement, each of its rights affected by this agreement, and the alternatives available to it other than entering into this agreement. Because it concedes that it is guilty, and after conferring with its lawyer, the defendant has concluded that it is in its best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13.     **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this _17_ day of July, 2012.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

DENISE WILLIAMS
DEPUTY CRIMINAL CHIEF

TEAM INDUSTRIAL SERVICES, INC.
By: _____
Defendant

CHRISTY L. DRAKE
Assistant United States Attorney
Texas State Bar No. 06104500
500 S. Taylor, Suite 300, LB 238
Amarillo, Texas 79101
Telephone:     806.324.2356
Facsimile:      806.324.2399
E-Mail:          christy.drake@usdoj.gov

_____
RICHARD B. ROPER
Attorney for Defendant

Plea Agreement – Page 5
5516856 000003 DALLAS 2882774.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

---

| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 2:12-CR-30 |
| | § | |
| TEAM INDUSTRIAL SERVICES, INC. (1) | § | |

INFORMATION

The United States Attorney charges:

Count One
Negligent Release of Hazardous Air Pollutants
(Violations of 42 U.S.C. § 7413(c)(4) and 18 U.S.C. § 2)

Beginning in or around 2007 and continuing until in or about 2009, within the

Amarillo Division of the Northern District of Texas and elsewhere, the defendant, **Team**

**Industrial Services, Inc.**, aided and abetted by others, negligently released into the

ambient air, hazardous air pollutants, as defined in 42 U.S.C. § 7412, and at the time of

the release, the defendant thereby negligently placed another person in imminent danger

of death or serious bodily injury.

In violation of 42 U.S.C. § 7413(c)(4) and 18 U.S.C. § 2.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

CHRISTY L. DRAKE
Assistant United States Attorney
Texas State Bar No. 06104500
500 S. Taylor, Suite 300, Box 238
Amarillo, Texas 79101
Telephone:    806.324.2356
Facsimile:    806.324.2399
E-Mail:       christy.drake@usdoj.gov

Attachment Two

## FACTUAL RESUME

UNITED STATES OF AMERICA
V.
TEAM INDUSTRIAL SERVICES, INC.
2:12-CR- *30*

---

### PLEADING GUILTY TO A ONE-COUNT INFORMATION

| | |
|---|---|
| INFORMATION: | 42 U.S.C. § 7413(c)(4)-Negligent Endangerment by Release of Hazardous Air Pollutants. |
| MAXIMUM PENALTY: | A term of probation for a period not more than **Five (5) years**; a fine not to exceed **$200,000**, or twice any gross gain to the defendant or loss to the victim(s); restitution to victims or to the community, which may mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and costs of supervision. |
| ASSESSMENT: | Pursuant to Title 18, United States Code, Section 3013(a), a mandatory assessment of **$125.00** will be made. |
| ELEMENTS | 1. The defendant, a "person," that is an individual, corporation, partnership, or association; |
| | 2. Negligently; |
| | 3. Released into the ambient air; |
| | 4. A hazardous air pollutant (listed in 42 U.S.C. § 7412) or any extremely hazardous substance (listed pursuant to 42 U.S.C. § 11002(a)(2)); and |
| | 5. At the time of the release, the defendant thereby negligently placed another person in imminent danger of death or serious bodily injury. |
| FACTS: | Beginning in or around 2007 and continuing until in or about 2009, within the Amarillo Division of the Northern District of Texas and elsewhere, the acts of defendant, **Team Industrial Services, Inc.**, enabled the negligent release into the ambient air, hazardous air pollutants, as defined in 42 U.S.C. § 7412, and at the time of the release, the defendant thereby negligently placed another person in imminent danger of death or serious bodily injury, in violation of 42 U.S.C. § 7413(c)(4). |

In 1970, Congress established a broad set of amendments that required states to maintain national air quality standards, imposed emission controls o mobile and stationary sources, and set standards for hazardous emissions under the Clean Air Act. The Environmental Protection Agency (EPA) has determined that leaking equipment from petroleum refineries and chemical manufacturing facilities, such as valves, pumps, and connectors, are the largest source of emissions of hazardous air pollutants, that is, pollutants that are known or suspected to cause cancer or other serous health effects, such as reproductive effects or birth defects, or adverse environmental effects. The defendant, Team Industrial Services, Inc., provided leak detection and repair services, as required by the EPA under the Clean Air Act to a refinery near Borger, Texas.

On specific occasions in 2007 through 2009, certain employees of defendant working at a Borger area refinery knowingly failed to follow required protocols (EPA Method 21) while conducting emissions monitoring of certain refinery components and manipulated testing data to falsely represent emissions monitoring events that were not performed. By failing to properly monitor these refinery components, the negligence of the defendant employees enabled the release of emissions into the ambient air thereby negligently placing others in imminent danger of death or serious bodily injury, in violation of 42 U.S.C. § 7413(c)(4). A certain supervisor of defendant became aware that the emissions monitoring data was false. This supervisor and another employee of defendant altered emissions monitoring database to falsely represent emissions monitoring events to the EPA and the TCEQ. The falsification of emissions monitoring protocols and data resulted in the generation of false representations and certifications in records and reports which were submitted to the EPA and TCEQ.

TEAM INDUSTRIAL SERVICES, INC, Defendant, in the above case, hereby states

that the facts set forth herein are true and correct.

Dated: July *17* , 2012

TEAM INDUSTRIAL SERVICES, INC.

BY: _____

Defendant

Witnessed by:

_____

RICHARD ROPER

Attorney for Defendant